UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATIEH AKBAR, et al.,<br><br>                            Plaintiffs,<br><br>v.<br><br>ANTONY J. BLINKEN, U.S. Secretary of State,<br><br>                            Defendant. | Case No.:  23cv1054-LL-BLM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 4]** |

Before the Court is Defendant Antony J. Blinken's ("Defendant") Motion to Dismiss Plaintiffs Atieh Akbar and Mohammadreza Akbar's (collectively "Plaintiffs") Complaint. ECF No. 4, Motion to Dismiss ("Motion" or "Mot."). Defendant's Motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the reasons stated below, the Court **DENIES** Defendant's Motion to Dismiss.

## I.     BACKGROUND

### A.     Plaintiffs' Complaint

Plaintiff Atieh Akbar, a United States citizen, filed an I-130 visa petition with U.S. Citizenship and Immigration Services ("USCIS") on behalf of her father, Plaintiff Mohammadreza Akbar. ECF No. 1, Complaint ("Compl.") ¶¶ 2, 70. Plaintiff Mohammadreza Akbar is an Iranian national and currently lives in Iran. *Id.* ¶ 71. USCIS

approved the Plaintiffs' I-130 petition and forwarded the petition to the National Visa Center ("NVC") for pre-processing. *Id.* ¶ 75. On September 23, 2020, Plaintiffs submitted Form DS-260 to the NVC along with supporting documentation and the processing fee. *Id.* ¶¶ 3, 77. On November 7, 2022, Plaintiff Mohammadreza Akbar was interviewed by the consular section of the U.S. Embassy in Yerevan. *Id.* ¶¶ 4, 78. Following the interview, Plaintiff Mohammadreza Akbar completed and submitted Form DS-5535, which requested "15 years of detailed history including addresses, employment travel, and social media handles." *Id.* ¶¶ 79, 80. On November 8, 2022, Plaintiffs received confirmation that Form DS-5535 had been received. *Id.* ¶ 80. Plaintiff Mohammadreza Akbar 's application was then placed in "administrative processing, where it has remained indefinitely since that time." *Id.* ¶ 5. Plaintiffs contacted the U.S. Embassy numerous times following the interview to inquire about the status of Plaintiff Mohammadreza Akbar's application. *Id.* ¶ 11. Plaintiff Mohammadreza Akbar's application, however, remains pending. *Id.* ¶ 81.

As a result of the "unreasonable delay in adjudication," "Plaintiffs have been separated from one another" and are "faced with the prospect of being separated indefinitely." *Id.* ¶ 9. Plaintiffs allege the delay in the adjudication of Plaintiff Mohammadreza Akbar's application has placed a severe emotional and financial strain on the Plaintiffs. *Id.* ¶ 7. Plaintiff Atieh Akbar also explains that she is concerned about Plaintiff Mohammadreza Akbar's health because he "has heart issues as well as being hard of hearing, making living alone difficult." *Id.* ¶ 89.

On June 6, 2023, Plaintiffs filed this action seeking declaratory and injunctive relief and a writ of mandamus to compel USCIS to adjudicate Plaintiff Mohammadreza Akbar's visa application. *See generally id.* On August 8, 2023, Defendants moved to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and/or failure to state a claim. *See* Mot. On September 21, 2023, Plaintiffs filed an Opposition to the Motion. ECF No. 10, Opposition ("Oppo."). On September 28, 2023, Defendant filed its Reply in support of the Motion. ECF No. 11.

On November 8, 2023, Plaintiffs filed an Ex Parte Request for Leave to File Notice of Supplemental Authority. ECF No. 12. No opposition was filed. *See generally* Docket. Further, on December 17, 2023, Plaintiffs filed a Second Ex Parte Request for Leave to File Notice of Supplemental Authority. ECF No. 13.[1]

### B. Declaration of Matthew McNeil

A declaration provided in support of the Defendant's Motion provides information from the Consular Consolidated Database ("CCD") regarding Plaintiff Atieh Akbar's petition on behalf of her father, Plaintiff Mohammadreza Akbar, and information regarding Plaintiff Mohammadreza Akbar's visa application. *See* ECF No. 4-1, Declaration of Matthew McNeil ("McNeil Decl.").

Consistent with Plaintiffs' Complaint, the CCD records indicate that Plaintiff Atieh Akbar filed an I-130 petition on behalf of her father, Plaintiff Mohammadreza Akbar. *Id.* ¶ 4. On August 31, 2021, USCIS approved the I-130 petition. *Id.* The NVC received the approved petition, and on September 4, 2021, NVC created a case file and assigned a case number for processing at the U.S. Embassy in Yerevan, Armenia. *Id.* ¶¶ 5–6. On November 7, 2022, Plaintiff Mohammadreza Akbar appeared for his consular interview and applied for an immigrant visa. *Id.* ¶ 8. "On the same date, the consular officer refused [Mohammadreza Akbar's] visa application under INA § 221(g), 8 U.S.C. §1201(g) to

---

[1] Plaintiffs' Ex Parte Request for Leave to File Notice of Supplemental Authority and Second Ex Parte Request for Leave to File Notice of Supplemental Authority cite to multiple cases decided after Plaintiffs' Opposition to the Motion was filed. *See* ECF Nos. 12, 13. These cases do not represent Ninth Circuit law and therefore, are not binding precedent on this Court. The Court does not find the supplemental authority to be particularly helpful when Plaintiffs have already cited to multiple cases supporting the same position in their Opposition. *See* Oppo. at 19. Additionally, Plaintiffs' Second Ex Parte Request advances new arguments, arguing outside the pleadings. *See* ECF No. 13. Accordingly, the Court **DENIES** Plaintiffs' Ex Parte Request for Leave to File Notice of Supplemental Authority and **DENIES** Plaintiffs' Second Ex Parte Request for Leave to File Notice of Supplemental Authority. The Court, however, will consider any identified legal authorities to the extent they are relevant or analogous to this action.

conduct additional security screening." *Id.* Additionally, on the same date, the consular staff sent a request to Plaintiff Mohammadreza Akbar for additional information consistent with Form DS-5535. *Id.* On November 8, 2022, the U.S. Embassy in Yerevan received Plaintiff Mohammadreza Akbar's completed responses to Form DS-5535. *Id.* ¶ 9.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint based on a court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006) (citation omitted).

Rule 12(b)(1) motions can challenge a court's subject matter jurisdiction on either facial or factual grounds. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). Conversely, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.*; *see also St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (a 12(b)(1) motion challenging a court's subject matter jurisdiction on factual grounds may "rely on affidavits or any other evidence properly before the court.").

/ / /

/ / /

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court may accept all factual allegations as true, but it need not accept legal conclusions as true. *Id.*; *Twombly*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may grant a Rule 12(b)(6) dismissal when the plaintiff fails to present a cognizable legal theory or allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint "does not require 'detailed factual allegations,' " to avoid a Rule 12(b)(6) motion to dismiss, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party.*" Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### III. DISCUSSION

Defendant has moved to dismiss Plaintiffs' Mandamus and APA claims under Rule 12(b)(1) and Rule 12(b)(6). When a complaint seeks identical relief under the APA and the Mandamus Act, courts routinely elect to analyze APA claim only. *See Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022); *Salihi v. Blinken*, 2023 WL 8007348, at *6 (S.D. Cal. Nov. 17, 2023). The Court therefore only addresses Plaintiffs' APA claims.

1	Defendant argues that Plaintiffs fail to allege sufficient facts to state that Defendant has unreasonably delayed adjudication of Plaintiff Mohammadreza Akbar's visa application under Rule 12(b)(6). *See* Mot. at 6–11.

To determine whether agency delays are unreasonable under the APA, the Ninth Circuit has adopted the *TRAC* factors, or the six-factor balancing test from *Telecommunications Research & Action Center v. FCC*. *See* 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("*TRAC*"); *see also, e.g.*, *Vaz*, 33 F.4th at 1137 (Ninth Circuit applying and assessing *TRAC* factors). The *TRAC* factors are: "(1) the time agencies take to make decisions must be governed by a 'rule of reason[ ]'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.' " *TRAC*, 750 F.2d at 80 (citations and quotation omitted).

Plaintiffs raise a preliminary argument that it is too early to apply the *TRAC* test, stating that it would be premature to consider whether an agency's delay is unreasonable at the motion to dismiss stage because it is a "fact-specific inquiry." *See* Oppo. at 18–20; *Moghaddam v. Pomopeo*, 424 F. Supp. 3d 104, 117 (D.D.C. 2020). Defendant contends that in consular processing cases some district courts have found that evaluating the reasonableness of delay is appropriate at the motion to dismiss stage. Reply at 3; *see also Assadian v. Oudkirk*, 2023 WL 6237976, at *7–8 (S.D. Cal. Sept. 25, 2023) (analyzing *TRAC* factors to resolve motion to dismiss); *Kayvan v. Pompeo*, 2020 WL 5834805, at *8–9 (N.D. Cal. July 28, 2020) (applying the *TRAC* test on a motion to dismiss).

However, this Court agrees with Plaintiffs that the *TRAC* test is more appropriately applied after further briefing and discovery. *See Salihi*, 2023 WL 80007348, at *7 ("The

ultimate determination of whether the *TRAC* factors are satisfied is not capable of resolution on the pleadings and without further evidence and briefing."); *Tailawal v. Alejandro Mayorkas, Sec'y of Homeland Sec.*, 2022 WL 4493725, at *4 (C.D. Cal. Aug. 18, 2022) ("[B]ecause the *TRAC* factor analysis is necessarily fact-intensive, it is more appropriately applied after some discovery than at the pleading stage"); *Hui Dong v. Cuccinelli*, 2021 WL 1214512, at *4 (C.D. Cal. Mar. 2, 2021) ("The *TRAC* test is fact-intensive, and courts have declined to resolve whether the *TRAC* test has been satisfied at the pleading stage, including with respect to immigration applications.").

The *TRAC* test is fact-intensive and the "[r]esolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court." *Gonzalez v. United States Dep't of Homeland Sec.*, 500 F. Supp. 3d 1115, 1129–30 (E.D. Cal. 2020) (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)). An assessment of whether the agency's delay is unreasonable, even in the context of consular processing, "would require the court to look beyond the face of plaintiffs' complaint and, without the benefit of the administrative record, evaluate facts concerning USCIS' general practices, whether those practices were followed in this case, and the number of [] visa petitions filed over the past several years." *Id.* at 1130.

Although Defendant contends that Plaintiffs fail to demonstrate unreasonable delay based on the *TRAC* factors, the determination of whether the *TRAC* factors are satisfied as to Plaintiff's APA claim is not capable of resolution at the motion to dismiss stage.

Defendant also argues that Plaintiffs' APA claims must be dismissed because there are no statutory or regulatory provisions establishing temporal limits for consular processing or for conducting security screenings. *See* Mot. at 6–7.

The APA authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). A court can "compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans*

*of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004)). "The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.' " *Id.* at 1075–76 (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010)). "Thus, a court may compel agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty,' . . . *and* (2) has unreasonably delayed in performing such duty." *Vaz*, 33 F.4th at 1136 (emphasis added).

As previously stated above, the determination of whether an agency's delay is unreasonable is premature at this stage of the proceeding. Therefore, the Court cannot determine whether Plaintiff's APA claims can be dismissed at a motion a dismiss. *Id.* Accordingly, Defendant's Motion to Dismiss is **DENIED**.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. Defendant must file an answer within **twenty-one (21) days** of the issuance of this Order.

**IT IS SO ORDERED.**

Dated:  December 18, 2023

Honorable Linda Lopez
United States District Judge